Turley, J.
delivered the opinion of the court.
This is an action of debt brought by the plaintiff against the defendant, to recover payment of two debts, one for $¡1850, due by a bill single executed to John Ray, and by him assigned to the plaintiff; the other for $2000, due by a promissory note, also executed to John Ray, and by him assigned to the plaintiff.
The declaration contains two counts, the first upon the bill single, and the other upon the promissory note. On the trial, after the testimony had been closed, and the jury charged, but before they had retired from the bar of the court to render their verdict, the plaintiff moved the court for leave to enter a non suit on the second count of his declaration, which the court refused to permit. The jury returned a verdict for the plaintiff on the first count, and against him on the second, and judgment was given accordingly. To reverse which, so far as it applies to the second count of the declaration, this writ of error is prosecuted.
That the plaintiff, by the principles of the common law, had no right to ask leave of the court to enter a non suit, is tin- *550 questionably true, for the very principle upon which a non suit is founded, supposes an absence and default in the plaintiff, and that he does not pursue and follow his remedy as he ought. 3 Black. Com. 296, 316, 376; therefore the motion for a non suit had to come from the defendant. If the plaintiff wished to stay his suit, it had to be done either by a nolle prosequi or a retraxit. That the plaintiff was entitled to enter a nolle psosegui upon the second count of his declaration, and thereby prevent a verdict and judgment thereon, is conceded; but it is said, that inasmuch as he applied for leave to enter a non suit, and not a nolle prosequi, the court did right in refusing to permit it.
The words non suit and nolle prosequi being technical terms, and both alike operating to put the plaintiffs out of court, are very liable to be confounded by some thinkers, and in the hurry and confusion of business. Therefore it would be the duty of the court, under such circumstances, always to inform the person making a wrong application, of the right. But without basing any argument upon this remark, it is sufficient for us to observe, that these terms havje been so long confounded in the State of Tennessee, as to produce a practice entirely different from that of the common law; by which a plaintiff may, at his own suggestion, unmoved by the operation of the defendant or court, take a non suit, and which cannot be denied him. This practice has been recognised by the act of 1801, c 6, § 58, which provides — “that every person desirous of suffering a non suit on trial at law,- shall be barred therefrom, unless he do so before the jury retire from the bar.”
To unsettle a practice thus recognized, and of such long standing, might be productive of much mischief; and we can see no reason for doing so. It can make no difference whether you call it a non suit or nolle prosequi. When taken by the plaintiff it operates as a nolle prosequi, when by the defen» dants, a non suit; and results in a dispute about names.
But it is said that a non suit as to part is a nonsuit as to the whole, and, therefore, the plaintiff had no right to have a partial non suit of his case.
If the plaintiff be non suited by the defendant, or by order *551 of the court, as at common law, his whole case is gone; but when we say that the plaintiff may himself take a non suit, and that it operates as a nolle psosequi, it necessarily follows, that under such circumstances it must be governed by the same principles which are applicable to a nolle prosequi. If then the plaintiff can enter a nolle prosequi as to one count of his declaration, and proceed on the others, which he most unquestionably can, he can also do the same by a non suit. We are, therefore, of the opinion, that the plaintiff ought to have been allowed to enter a non suit on the second count of his declaration, and that it was error in the court to refuse leave.
The judgment will therefore be reversed; and we, proceeding to give such judgment as the court below should have given, direct that a non suit be entered upon the second count, and a judgment final for the plaintiff upon the first count; and that the defendant in error pay the cost both of this court, and the court below.-